The Studebaker Brothers Manufacturing Company v. Bird.

No. 13,072.

THE STUDEBAKER BROTHERS MANUFACTURING COMPANY
v. BIRD.

PRACTICE.—*Parties.—Admission on Application.—Rights of.—Query*, whether one who is made a party to an action on his own application, and who is not a necessary party to a complete determination of the same, can have any standing in court except by a cross-action asking affirmative relief.

CHATTEL MORTGAGE.—*Fraud.—Preference of Creditor.—Weight of Evidence.* —Fraudulent intent is a question of fact, and where the finding of the trial court in favor of the validity of a chattel mortgage, executed by an insolvent debtor to secure one creditor to the exclusion of others, is sustained by some evidence, the Supreme Court will not interfere.

From the Decatur Circuit Court.

*J. K. Ewing* and *C. Ewing, Jr.*, for appellant.
*J. D. Miller* and *F. E. Gavin*, for appellee.

BERKSHIRE, J.—The appellee brought this action against Leonidas Bird and John W. Shields, partners, doing business under the firm name of Bird & Shields, and John G. Guthrie, assignee of Bird & Shields, to foreclose a chattel mortgage executed by Bird & Shields to secure the appellee against loss as their surety on several outstanding obligations.

The appellant and the Minneapolis Harvester Works were made parties defendants to the action on their own application, and filed a joint answer in two paragraphs, the first of which was a general denial, and the second alleged facts tending to show that the mortgage was executed in fraud of creditors.

The appellee filed a demurrer to the second paragraph of answer, but before it was ruled upon by the court the appellee withdrew it, and filed a general denial in reply.

The issues were submitted to the court for trial, and a finding made in favor of the appellee. The appellant filed a

motion for a new trial, which the court overruled, and the appellant excepted, and the court rendered judgment for the appellee, and a decree foreclosing the said mortgage. The Studebaker Brothers Mfg. Company is the only appellant.

A question we suggest, but do not decide, is, whether the appellant had, or could have, any standing in court after having been made a party on his own application, except by a cross-action entitling him to affirmative relief? The appellee was asking no relief against the appellant, and, so far as the appellee's action was concerned, the appellant was not a necessary party to a complete determination of the same.

It is a question of practice, worthy of consideration, whether in any case, where a person is made a party to an action upon his own application, and when the complaint alleges no cause of action against him, he can have any standing in court without a pleading whereby he seeks affirmative relief. The plaintiff may not have, nor claim to have, any cause of action against the new party, and certainly if he is not before the court his rights will not be prejudiced.

We come now to the only question discussed by appellant's counsel, which is, that the finding is not sustained by the evidence.

It is a rule of this court, so long and well settled as not to require a citation of authorities, that this court will not interfere with the finding of the *nisi prius* court upon a question of fact where there is some evidence to sustain the finding of the court, even though this court may be of the opinion that the finding is contrary to the weight of the evidence. But, under our statute of frauds and perjuries, the question of fraudulent intent is peculiarly a question of fact for the court or jury trying the question, and therefore the rule to which we have referred applies with more vigor, if possible, in cases where the *bona fides* of a transaction are brought in question than in other cases.

The evidence in this case covers above two hundred and

seventy-five pages of legal-cap, and we have examined it critically and carefully, and after having done this we must say that we find nothing unusual in the facts and circumstances indicating bad faith, but just what usually occurs when one creditor, as he has a right to do, secures his debt to the exclusion of others. There is this much to indicate the good faith of the transaction that is somewhat out of the usual order where bad faith is claimed.

There is nothing in the evidence to show that the indebtedness which the mortgage was given to secure was not *bona fide*, nor is it seriously claimed that the collaterals held by the appellee were more than sufficient to make him whole. The right of one creditor to secure himself to the exclusion of other creditors has been carried much farther than is necessary for the purposes of this case. This court has recognized the right of a creditor of one of the members of a firm to secure his debt out of the partnership assets to the exclusion of partnership creditors. *Purple* v. *Farrington*, ante, p. 164; *Fisher* v. *Syfers*, 109 Ind. 514; *Winslow* v. *Wallace*, 116 Ind. 317. See *Goudy* v. *Werbe*, 117 Ind. 154.

Judgment affirmed, with costs.

